RUTKIN v. SARAJIAN.

No. 1877.

Circuit Court, Dade County, Civil Appeal.

August 25, 1958.

---

Jeanne Heyward, Miami, for appellant.

Ernest W. Yocom, Miami, for appellee.

VINCENT C. GIBLIN, Circuit Judge.

The appellant-plaintiff asserted in the court below a claim against the appellee defendant "for moneys expended by the plaintiff on behalf of the defendant and at the request of the defendant." The plaintiff's claim was disputed by the defendant and a trial of the issue by the court (without a jury) resulted in the entry of a final judgment (in the defendant's favor) from which this appeal has been prosecuted.

Unfortunately the proceedings at the trial were not stenographically recorded and, in determining the question of whether the evidence provided a proper basis for the entry of the challenged

judgment, this court can look only to the trial judge's "certified summary" of the testimony and proofs submitted and to the documents introduced in evidence at the trial.

It is shown by the mentioned summary and the mentioned documents that in 1954 Herbert G. Draesel, a New Jersey attorney, in a letter to the plaintiff, a Miami attorney, "authorized" the latter to institute in this court, in behalf of James W. Swain, as administrator of the estate of Emil N. Sarajian (the deceased father of the defendant), an accounting suit against Peruz Boshnakian and others for the purpose of recovering certain moneys and other assets which allegedly belonged to such estate. By whom the New Jersey attorney was consulted, retained or engaged is not shown, nor do the summary and the documents reveal the nature, scope or extent of such attorney's authority. Presumably he was consulted, retained and engaged by the administrator in whose behalf the contemplated suit was to be brought.

It is further shown (by the meagre record before this court) that the New Jersey attorney authorized the plaintiff "to extend certain moneys for costs in connection with [the] litigation" and advanced to the plaintiff $1,000 "to apply on such costs." It was not shown that the New Jersey attorney had obtained any of such sum from the defendant. Presumably it was obtained from funds of the estate.

The record further reveals that the accounting suit was instituted and prosecuted to an unsuccessful conclusion; and that the plaintiff, after the exhaustion of the $1,000 advanced by the New Jersey attorney, expended $222.22 of his own funds in the payment of some of the costs of the unsuccessful litigation; and it was to recover such sum from the defendant that the action in the court below was instituted.

There is no showing that the plaintiff sought reimbursement from his client (the administrator) from the estate which the client was administering, or from the New Jersey attorney who had "authorized" the institution of the accounting suit. It is shown that the defendant is one of two beneficiaries of his father's estate and that the other is the defendant's brother, Dr. Aram Sarajian, a resident of New Jersey. There is no showing that the plaintiff sought reimbursement, or partial reimbursement, from the New Jersey beneficiary.

The record discloses that the defendant testified at the trial below, without objection or contradiction, that he did not personally authorize the New Jersey attorney to procure the professional services of the plaintiff, had no conversation with the New Jersey

attorney concerning the plaintiff's employment, was never asked and never agreed to pay any of the costs of the accounting suit, that he told his brother that he did not desire to become involved in the law suit and would not defray any of the costs of the suit, that he had never been requested by anyone, until after the suit had terminated unsuccessfully, to advance any money, and that such part as he had had in the suit had been at the request of his brother. The plaintiff himself testified, as the record shows, that he had never had any discussion or correspondence with the defendant as to any terms of employment or as to any liability of the defendant for any of the costs of the suit.

In anticipation of the advisability of seeking injunctive or other extraordinary relief in the accounting suit, the defendant and his brother, on September 1, 1954 (during the pendency of the suit), executed a power of attorney by which they appointed the plaintiff (in this cause) as their attorney-in-fact and authorized him to "make, execute and deliver" any and all bonds which should be required to obtain such extraordinary relief and to "make, execute and deliver" to any surety company which should execute any such bond "any and all indemnification agreements or other instruments necessary and required to procure the issuance of such bond by a surety." On the same day, September 1, 1954, the defendant and his brother executed an "indemnification agreement" by which "they, and each of them," agreed to indemnify any surety company which should execute any such bond "from and against every claim, demand, liability, loss, damage, cost, charge, counsel fee, expense, suit, order, judgment and adjudication whatsoever incurred hereafter by the said surety company, in consequence of the issuance of any bonds" in the accounting suit.

The defendant, as is disclosed by the record, had consultations with the plaintiff and associate counsel, "in connection with the litigation, on several occasions," attended many hearings, was present at the time of depositions, and, on one occasion, escorted a handwriting expert, who was to testify as a witness in the suit, from the Miami International Airport to the office of counsel.

It is the contention of the appellant that because the defendant, as one of the beneficiaries of his father's estate, would have benefited (to an undisclosed extent) had the funds and assets of the estate been increased by a successful prosecution of the accounting suit brought by the administrator and a recovery from the defendants against whom the suit was brought, because the defendant executed the mentioned power of attorney and the mentioned indemnification agreement, because of his consultations with counsel and his attendance at hearings and at the taking of deposi-

tions, and because of his having escorted a witness to the office of counsel, he is personally and individually liable to the plaintiff for the amount of the costs incurred in the accounting suit brought by the administrator, which were advanced by the plaintiff.

The contention is untenable. The evidence provided no predicate for any result other than that reflected by the challenged judgment. Such judgment, therefore, is affirmed.